UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KERRY MARSHALL,<br> Plaintiff, | : CIVIL CASE NO.<br>: 3:10-cv-908 (JCH)<br>: |
| v. | :<br>: |
| WEBSTER BANK, N.A., and<br>LINDA N. MAYO,<br> Defendants. | : APRIL 6, 2011<br>:<br>:<br>: |

**RULING RE: WEBSTER BANK'S MOTION TO DISMISS (DOC. NO. 46) AND MARSHALL'S MOTION TO AMEND (DOC. NO. 47)**

This Ruling addresses Webster Bank's second Motion to Dismiss, and Marshall's Motion to Amend the Complaint. Following the defendants' first Motion to Dismiss, the court issued a Ruling dismissing certain claims in Marshall's first Amended Complaint, including a claim for libel against Webster Bank. In the Amended Complaint, Marshall had alleged that Webster Bank had made a false report to ChexSystems, a credit reporting service, and that as a result Marshall had suffered loss of business opportunity. The court explained that, under Connecticut law, a plaintiff claiming libel per quod must plead economic damage. Finding Marshall's allegations of lost business opportunity to be vague, the court dismissed the claim with leave to re-plead with "allegations of specific, actual damages." Ruling, Doc. No. 38, at 22.

After the court's Ruling, Marshall filed a "Revised Complaint" (Doc. No. 42). In the Revised Complaint, Marshall alleged that, as a result of the false report to ChexSystems, he was denied "credit or banking privileges" from numerous, specified banks on 12 specified occasions and that, as a result of these denials, he lost business opportunities. Revised Complaint ¶ 13(e). Webster Bank's second Motion to Dismiss

1

(Doc. No. 46) is directed solely to that claim. Webster Bank argues that Marshall has still not adequately plead actual damages.

Marshall responded to the second Motion to Dismiss by filing a Motion to Amend his Complaint. Doc. No. 47. Marshall also docketed a "Second Amended Complaint."[1] Doc. No. 49. This Second Amended Complaint adds some language to the allegation of libel per quod, but appears to be substantially the same as the Revised Complaint in all other respects. With respect to libel per quod, Marshall again alleges that, as a result of the false report to ChexSystems, he was denied "credit or banking privileges" on the same 12 specified occasions. Second Amended Complaint ¶ 13(e). Marshall alleges that, as a result, he was "denied his opportunity to expand his business pursuits including on-line" and that he "suffer[ed] loss of business and business opportunity due to his loss of credibility and due to decreased banking opportunity, loss of banking opportunity, . . . [and] lower credit rating . . . ." Id.

Webster Bank has not opposed Marshall's Motion to Amend the Complaint. Nor has Webster Bank withdrawn its Motion to Dismiss in light of the proposed amendment. In light of the substantial similarity between the Revised Complaint and the Second Amended Complaint, the court grants Marshall's Motion to Amend (Doc. No. 47), and thus treats the Second Amended Complaint (Doc. No. 49) as the active complaint. The court also construes Webster Bank's Motion to Dismiss as directed at that complaint.

Webster Bank's Motion to Dismiss is directed solely to the adequacy of the pleadings of harm and damages in Marshall's libel claim. Webster Bank argues that

---

[1] Technically, the "Second Amended Complaint" would be the third amended complaint in this case. However, for simplicity's sake, the court adopts the labels used in the pleadings.

2

Marshall's libel claim should be dismissed because "he has failed to allege special damages, which is a requirement of any libel per quod claim" and because "he has failed to allege sufficient facts, under Twombly and Iqbal, to state a plausible claim that Webster Bank's conduct caused specific economic harm in a quantified amount." Def. Mem. at 4.

The Connecticut case law cited by Webster Bank confirms the principle relied upon in the court's prior Ruling—that, in order to prevail upon a claim for libel per quod, a plaintiff must plead and prove actual damages, in the form of economic loss. See Welker v. Gniadek, No. CV10-6008196-S, 2010 WL 4610594, *5-6 (Conn. Super., Oct. 21, 2010) (allegations of damage to reputation are insufficient); Shea v. City of Waterbury, No. CV085007926, 2009 WL 1057986, *7 (Conn. Super., Feb. 20, 2009) (allegations of "general damages in the form of mental distress, harm to their reputation, anxiety, and humiliation" are inadequate); Santoro v. Storm, No. CV054011040, 2007 WL 241069, *7 (Conn. Super., Jan. 10, 2007) (allegations of "general damages in the form of mental distress and harm to reputation" are insufficient). However, each of these cases was decided on the grounds that the plaintiff failed to plead any economic harm, whatsoever.[2] Thus, these cases do not illustrate the sorts of allegations of economic harm that are sufficient to meet the pleading requirements for a claim of libel per quod.

---

[2] Webster Bank does cite Olivas v. DeVivo Indus., Inc., No. CV990335908S, 2001 WL 282891, *2-3 (Conn. Super., Feb. 28, 2001), which holds that "allegations that [plaintiff] incurred legal expenses to clear his name do not amount to special damages for purposes of establish a claim for libel per quod." Marshall does not rely on legal expenses in order to meet the requirement of pleading economic damages. See Second Amended Complaint ¶ 13. Thus, the Olivas case is not helpful in determining whether the allegations in the Second Amended Complaint are adequate.

3

In other cases, including two cases cited in Shea, 2009 WL 1057986, *7, Connecticut courts have held that allegations of economic loss need not be very detailed. See, e.g., Cavallaro v. Rosado, No. CV054009939, 2006 WL 2949143, *9-10 (Conn. Super., Oct. 5, 2006) (allegation that slanderous statement caused "economic loss . . . [and loss of] business income" is "sufficient to state a claim for slander per quod"); Ambrozaitis v. Lord, No. CV054004557S, 2006 WL 2949140, *1 (Conn. Super., Oct. 3, 2006) (where the complaint alleges that the plaintiff "suffered economic damages," "it is legally sufficient to survive a motion to strike").

Furthermore, authority relied upon by Webster Bank makes clear that loss of an opportunity to earn money is the sort of economic loss that can give rise to a claim for libel per quod. See Welker, 2010 WL 4610594, *5-6 ("if a third person, because he believes the slander . . . withdraws his previous offer to hire that person, the latter's loss of reasonable expectation of gainful employment would amount to special damage" (quoting Urban v. Hartford Gas Co., 139 Conn. 301, 308-09 (1952))). Marshall adequately pleads a loss of expected income by alleging that he lost opportunities to expand his business because numerous financial institutions acted on the allegedly false report by Webster Bank. Second Amended Complaint ¶ 13.

Nothing more is required under the federal pleading standards. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The "plausibility standard does

4

not 'require[] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8.'" Ruling (Doc. No. 38) at 4 (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010)).

Whereas before Marshall only vaguely alleged that Webster Bank made a false report to ChexSystems resulting in lost business opportunities, Marshall's Second Amended Complaint provides specific allegations concerning the manner in which the false report led to lost business opportunities. It is not implausible that a false report of fraud activity to a credit reporting service would prevent Marshall from obtaining credit and bank services or that Marshall would lose opportunities to earn money as a result. The allegations are adequate to put Webster Bank on notice of the basis for the plaintiff's claim. Other issues of detail, including any specific business opportunities that were lost and the reasonably expected value thereof, may be developed through discovery and raised either in a subsequent motion for summary judgment or at trial.

Therefore, Marshall's Motion to Amend (Doc. No. 47) is **GRANTED**, and Webster Bank's Motion to Dismiss (Doc. No. 46) is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 6th day of April, 2011.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge